UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANTHONY COOK et al.,

                                        Plaintiffs,

   v.                                            9:15-CV-0183
                                                   (GLS)

UNITED STATES et al.,

                                        Defendants.

_____

APPEARANCES:

ANTHONY COOK
115157
Plaintiff, pro se
Lieber Correctional Institution
P.O. Box 205
Ridgeville, SC 29472

JOHN MILLS
198973
Plaintiff, pro se
Lieber Correctional Institution
P.O. Box 205
Ridgeville, SC 29472

JOHN E. SUTCLIFFE
350197
Plaintiff, pro se
Lieber Correctional Institution
P.O. Box 205
Ridgeville, SC 29472

FREDDRICK HOWELL
Plaintiff, pro se
Lieber Correctional Institution
P.O. Box 205
Ridgeville, SC 29472

GARY L. SHARPE
Chief United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

The Clerk has sent to the Court for review a complaint brought pro se by Anthony Cook, John Mills, John E. Sutcliffe, and Freddrick Howell, inmates in the custody of the South Carolina Department of Corrections. Dkt. No. 1 ("Compl.").[1] Plaintiffs have not paid the filing fee for this action, and seek leave to proceed in forma pauperis ("IFP"). Dkt. Nos. 9, 11, 13, 14.

## II. DISCUSSION

### A. IN FORMA PAUPERIS APPLICATIONS

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). When a civil action is commenced by a prisoner, the restrictions imposed by the Prison Litigation Reform Act of 1996 ("PLRA") also apply. One such requirement is set forth in 28 U.S.C. § 1915(b)(1), which states: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In accordance with the statute, the filing fee is paid over time from funds available in the plaintiff's prison account.[2] The fact that there are multiple plaintiffs in an

---

[1] Lawrence L. Crawford ("Crawford") was terminated as a plaintiff in this action by Order of this Court filed February 23, 2015. Dkt. No. 4. Crawford, who was permanently enjoined from filing "any document or pleading of any kind" in this District without permission from the Chief Judge, did not request leave to commence this action nor did he make the showing required by the Anti-Filing Injunction Order ("AFIO") entered against him. *See In re: Lawrence L. Crawford*, No. 9:13-AF-0001 (GLS), Dkt. No. 6.

[2] In furtherance of this requirement, the Northern District of New York requires all inmates to submit, in addition to a fully completed and certified in forma pauperis application, the authorization form issued by the Clerk's Office. *See* Rule 5.4(b) of the Local Rules of Practice of the Northern District. The inmate authorization

action does not reduce or otherwise negate the obligation imposed on each incarcerated plaintiff to pay the filing fee under 28 U.S.C. § 1915(b)(1).  *See, e.g.*, *Razzoli v. Executive Office of U.S. Marshals*, No. 10-CV-4269, 2010 WL 5051083, at *3 (E.D.N.Y. Dec. 2, 2010) (where there are multiple prisoner plaintiffs, each must comply with the requirements for seeking IFP status); *Amaker v. Goord*, No. 09-CV-0396, 2009 WL 1586560, at *2 (W.D.N.Y. June 4, 2009) (each plaintiff prisoner must file an IFP application and inmate authorization form) (citing cases)).

Four IFP applications, each dated March 3, 2015, have been submitted.  *See* Dkt. Nos. 9 ("Cook IFP"), 11 ("Howell IFP"), 13 ("Mills IFP"), 14 ("Sutcliffe IFP").[3]  The handwriting on the IFP applications (as well as the multitude of other submissions in this action) appears to be Crawford's.[4]  Each application purports to have been signed by one of the plaintiffs and certified by an authorized officer at their facility.[5]  The same illegible signature appears on all four IFP applications, the officer is not otherwise identified.  The certifications are dated February 3, 2015, approximately one month prior to the date on which the IFP applications were signed.

Upon review, this Court finds that serious questions exist regarding the authenticity of

---

form authorizes periodic withdrawals in respect of the filing fee and acknowledges the inmate plaintiff's obligation to pay the entire $350.00 filing fee "regardless of the outcome of my lawsuit."

[3] Crawford also submitted an IFP application.  Dkt. No. 7.  This application is hereby stricken from the docket because Crawford is not a party to this action.

[4] *See also Montgomery v. United States*, No. 9:12-CV-0527 (MAD/TWD) (N.D.N.Y. filed Mar. 12, 2012), Memorandum Decision and Order filed Mar. 11, 2013 at 2 ("The complaint, along with the numerous other motions, supplements, and affidavits, appear to have been written and submitted by Plaintiff Lawrence L. Crawford, a/k/a Jonah Gabriel Jahjah T. Tishbite and 'The King of the North.'")

[5] Four signed inmate authorization forms have also been submitted.  *See* Dkt. Nos. 10 (Cook), 12 (Howell), 15 (Mills) , 16 (Suttcliffe).  While this Court is not a handwriting expert, there are apparent differences between the signatures on the IFP applications and the signatures on the inmate authorization forms.

3

the IFP applications and the inmate authorization forms allegedly submitted on behalf of the plaintiffs, particularly inmate Howell.  In this regard, the certificate portion of Howell's IFP application identifies his place of confinement as "Broad River C.I.," not Lieber Correctional Institution ("Lieber C.I.") where the other plaintiffs (and Crawford) are confined and, presumably, where all of the certifications were completed.  *See* Howell IFP at 2.  Also troubling is the fact that an inquiry to the public website maintained by the South Carolina Department of Corrections reveals that there is no inmate in that system by the name "Freddrick Howell."  *See* http://public.doc.state.sc.us/scdc-public.  There is, however, an inmate named "Frederick Howell," who is presently confined at Broad River Correctional Institution.[6]  According to the Inmate Search Detail Report, Frederick Howell was previously confined at Lieber C.I. but has not been an inmate at that facility since June 17, 2014, approximately six months prior to the commencement of this action.

In light of these uncertainties, the Court denies plaintiffs' IFP applications.  Moreover, because this action is dismissed with prejudice for the reasons set forth below, the applications are denied as moot and without leave to renew.  However, in order to insure that these inmates are aware that they were named plaintiffs in this action, and to give them notice that the obligation to pay the full filing fee (and any appropriate sanctions) may be imposed on them in future actions in which they are named plaintiffs, the Clerk is directed to serve this Decision and Order on plaintiffs by certified mail, return receipt requested.

### B. SUFFICIENCY OF THE COMPLAINT

Because plaintiffs seek in forma pauperis status and are suing several governmental

---

[6] Inmate Frederick Howell is assigned identification number 310890.  No inmate identification number was ever provided for plaintiff "Freddrick Howell."

agencies, as well as government employees and officials, the Court must review the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to evaluate prisoner pro se complaints). Thus, although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma

pauperis.[7]

A complaint which fails to allege "enough facts to state a claim to relief that is plausible on its face" is subject to dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than mere labels and conclusions; rather a complaint must set forth factual allegations which raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. A complaint which tenders "naked assertion[s]" devoid of "further factual enhancement" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The operative pleading in this action is identified as a "Writ of Error and Judicial Order of the Global Theocratic Court." Dkt. No. 1-1 at 1. The "lead document" is a twenty-four-page submission entitled "Affidavit of Facts Giving Judicial Notice; Filing Writ of Error; Order." Dkt. No. 1-2 at 2.[8] Crawford, who identifies himself as the Chief Judge of the Global Theocratic Court, is the sole signatory. Dkt. No. 1-2 at 16. This submission purports to be a decree of the Global Theocratic Court overruling, through superseding judicial power and

---

[7] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id*. at 325.

[8] Approximately 1400 additional pages were submitted by plaintiffs in support of this pleading. *See* Dkt. No. 1-3 through 1-44. These submissions, consist primarily of copies of pleadings filed in other state and federal court actions. *Id*. Hundreds of pages of additional submissions have been received by the Clerk since this action was commenced. *See* Dkt. Nos. 17, 19-26. While some of these handwritten submissions purport to have been signed by one or more of the named plaintiffs, they all appear to have been written by Crawford.

authority, "all orders issued in the Northern District or the State of New York dismissing any case adjudicated against Crawford and his co-plaintiffs" and ordering that those actions be "reopened, reinstated and consolidated." *Id*. at 17-18. Specific reference is made to Crawford's unsuccessful attempt to file a new action without complying with the AFIO. *See Crawford v. Salas*, No. 9:14-CV-1501 (GLS) (N.D.N.Y. filed Aug. 22, 2014). In addition, the Court is to appoint legal counsel to represent the class,[9] direct service on the defendants, and grant an evidentiary hearing. Dkt. No. 1-2 at 19. Finally, having granted all of the relief requested, this Court is directed "to disqualify itself and transfer all matters to New Jersey" for trial. *Id*. at 22.[10]

The Court has reviewed this submission thoroughly and with due regard for plaintiffs' status as pro se litigants to determine whether it affords any basis for the award of judicial relief, and concludes that it does not. The reasons are several.

First, it is clear that the named plaintiffs lack standing to pursue what may fairly be characterized as Crawford's challenge to the AFIO and this Court's rulings made pursuant thereto.[11] To invoke the jurisdiction of the federal courts and establish standing a plaintiff must show the following: (1) that he or she has personally suffered some actual or threatened injury; (2) that the injury is fairly traceable to the defendant's allegedly unlawful conduct; and (3) that the injury is likely to be redressed by the requested relief. *Valley Forge*

---

[9] The action is brought "on behalf of every African American, Christian, Muslim and Jew under state and federal captivity," and includes "all inmates nationally and the Gitmo detainees." Dkt. No. 1-2 at 20-21.

[10] This action is also brought against the State of New York for "permitting same sex marriage" and for the wrongful attachment and/or arrest of the "intangible property of the Global Theocratic State and King-Khalifah." Dkt. No. 1-2 at 14.

[11] As noted, the plaintiffs have not signed the complaint and it is subject to dismissal for this reason as well.

7

*Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982); *Fulani v. Bentsen*, 35 F.3d 49, 51-52 (2d Cir. 1994). There are no facts alleged in the complaint upon which this Court could reasonably conclude that plaintiffs have standing to pursue this action.

Second, insofar as the complaint seeks relief from the AFIO and/or this Court's rulings in *Crawford v. Salas*, it fails to state a claim upon which relief may be granted. The proper avenue for challenging a judicial determination is on direct appeal, not by seeking a declaration in a subsequent action that the presiding judge's decision violated the litigant's constitutional rights. *See Montesano v. New York*, No. 05 CV 9574, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006) (citation omitted). "Neither damages, injunctive nor declaratory relief is available to be used as a vehicle for disgruntled litigants to reverse adverse judgments." *Id*. (citation omitted). As a result, claims that the AFIO was improperly entered, or that prior submissions from Crawford have been improperly disallowed as not filed in compliance therewith, are not cognizable in this action and must be dismissed.

Third, with respect to the named defendants – the United States and the State of New York – there are no facts alleged in the complaint which even suggest the existence of one or more claims upon which relief may be granted to plaintiffs and over which this Court has jurisdiction.

Based upon the foregoing, in the interest of wise judicial administration and in accordance with 28 U.S.C. §§ 1915(e) and 1915A, this action is dismissed with prejudice.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the complaint is **DISMISSED with prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that plaintiffs' applications to proceed in forma pauperis (Dkt. Nos. 9, 11, 13, 14) are **DENIED as moot**; and it is further

**ORDERED** that the Clerk shall strike Crawford's IFP application and inmate authorization form (Dkt. Nos. 7, 8) from the docket because Crawford is not a party to this action; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiffs by certified mail.  The Clerk shall send copies of this Decision and Order to inmate Frederick Howell (# 310890) at Broad River C.I., and to the superintendent of Lieber C.I.

**IT IS SO ORDERED.**

May 29, 2015
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court